\*\* **E-filed December 31, 2009** \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. BANK NA,<br><br>        Plaintiff,<br>  v.<br>JOSE LOPEZ,<br><br>        Defendant.<br>_____/ | No. C09-05985 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Docket No. 2]** |

Pro se defendant Jose Lopez removed this case from Santa Clara County Superior Court along with a request to proceed in forma pauperis. For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

Plaintiff U.S. Bank filed this unlawful detainer action on November 17, 2009 in Santa Clara County Superior Court. According to the complaint, plaintiff acquired the subject property through a foreclosure trustee's sale in July 2009. Plaintiff served defendant, who appears to be renting the property, with a ninety-day notice to vacate in August 2009, but defendant refused to deliver possession of the property to plaintiff. (Notice of Removal Ex. A, at 2–3.)

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. 28 U.S.C. § 1441. If after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C.

1  § 1446(c)(4) (emphasis added).  These removal statutes are strictly construed against removal and
2  place the burden on the petitioner to demonstrate that removal was proper.  *Moore-Thomas v.*
3  *Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564,
4  566 (9th Cir. 1992)).

5  In this case, Lopez asserts that removal is proper based on diversity of citizenship.[1]
6  However, federal jurisdiction based on diversity requires not only citizens of different states, but
7  also that the amount in controversy exceed $75,000.  28 U.S.C. § 1332(a).  Lopez states that there is
8  complete diversity of citizenship because plaintiff is a citizen of Delaware and Minnesota while he
9  is a citizen of California.[2]  Nonetheless, he fails to allege any amount in controversy, let alone an
10 amount over $75,000.  A review of the complaint shows that it specifies that the "amount demanded
11 does not exceed $10,000.00."  (Notice of Removal Ex. A, at 1.)  Plaintiff only seeks restitution of
12 the property, damages of $50.00 per day from November 14, 2009 to the date of entry of judgment,
13 and costs incurred.  (*Id.* at 3.)  It is apparent from the face of the complaint that it fails to meet this
14 court's jurisdictional requirement under § 1332(a).  As an unlawful detainer action, the complaint
15 also does not raise a federal question.  Consequently, this court lacks subject-matter jurisdiction.

16 Because defendant has yet to consent to the undersigned's jurisdiction, this court ORDERS
17 the Clerk of the Court to reassign this case to a district court judge.  The undersigned further
18 RECOMMENDS that the newly assigned judge (1) summarily remand the case to Santa Clara
19 County Superior Court; and (2) deny as moot, without prejudice, defendant's application to proceed
20 in forma pauperis.  Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file
21 objections to this Report and Recommendation within fourteen days after being served.

23 Dated: December 31, 2009

24 HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Lopez cites to 28 U.S.C. § 1332(c)(1) as providing the basis for diversity jurisdiction, but this section merely provides the method for determining the citizenship of a corporation.

[2] As a local defendant, it would appear that Lopez does not have the right to remove this action to federal court.  28 U.S.C. § 1441(b) (stating that an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").  However, as a procedural requirement, a federal court cannot remand sua sponte on this basis.  *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006).

**C 09-05985 Notice will be electronically mailed to:**

Randall David Naiman    Randall@Naimanlaw.com, Krystina@Naimanlaw.com

**Notice will be sent by alternative means to:**

Jose Lopez
3283 Hostetter Road
San Jose, CA 95132

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**